IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERT NUNEZ,** § | | |
| Reg. No. 04183-480 § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | EP-20-CV-195-PRM-LS |
| § | | |
| **WILLIAM BARR,** § | | |
| **United States Attorney** § | | |
| **General,** § | | |
| Defendant. § | | |

## DISMISSAL ORDER

On this day, the Court considered Plaintiff Robert Nunez's [hereinafter "Plaintiff"] "Complaint and Request for Injunction" (ECF No. 1) [hereinafter "Complaint"], filed on July 6, 2020, in the above-captioned cause. For the reasons stated herein, the Court will dismiss Plaintiff's Complaint.

## I.   FACTUAL BACKGROUND

Plaintiff is a fifty-seven-year-old inmate serving three concurrent sentences of fifty-seven months' imprisonment, for one count of possession with intent to distribute more than 100 grams of heroin and two counts of distribution of heroin. *See* https://www.bop.gov/inmateloc/ (search for Reg. No. 04183-480) (last visited July 15, 2020) [hereinafter "BOP Locator"];

*United States v. Nunez*, 7:18-CR-00136-DC-1, J. Crim. Case 2, March 10, 2020, ECF No. 158.  Plaintiff was sentenced in the Midland / Odessa Division of the Western District of Texas and is currently incarcerated at the West Texas Detention Center, a high security private facility located in Sierra Blanca, Texas.  J. Crim. Case 1; Compl. 1.  His projected release date is April 12, 2022.  BOP Locator.

Plaintiff requests that the Court order William Barr, Attorney General of the United States, to place him in home confinement due to COVID-19.  Compl. 2–5.  Plaintiff contends that he is entitled to such injunctive relief pursuant to the Eighth Amendment of the Constitution of the United States because forcing him to remain in prison during the COVID-19 pandemic amounts to cruel and unusual punishment.  *Id.* at 3, 5; *see* U.S. CONST. amend. VIII.  Plaintiff also avers that his age and pre-existing health conditions place him at greater risk of suffering from the COVID-19 virus.  Compl. 5.

## II. LEGAL STANDARD

"[T]he substance of the relief sought by a pro se pleading, not the label that the movant has attached to it . . . determines [its] true nature and operative effect . . . ."  *United States v. Bernal*, 551 F. App'x 177, 179 (5th Cir. 2014) (quoting *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th

2

Cir. 2011) (alterations omitted); *see also United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019) ("[W]e have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label.") (quoting *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (per curiam)).  That is, a court reviews a pleading according to its sought-after relief regardless of the pleading's label.  This is true notwithstanding the liberal approach courts must take when considering pro se filings.  *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (noting that pro se filings are "'to be liberally construed,' . . . and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Pursuant to the newly-amended § 3582(c), a defendant may move his sentencing court to modify his term of imprisonment through a motion for modification of an imposed term of imprisonment:

> (A) the court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). However, a defendant can only file a § 3582(c) motion in the court that imposed the sentence. *See Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) ("Because Landazuri did not file this [§ 3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it."). Additionally, the commentary to Sentencing Guideline § 1B1.13 provides that the "Medical Condition of the Defendant" can qualify as an extraordinary and compelling reason for purposes of a § 3582(c) motion. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

### III.  ANALYSIS

In light of Plaintiff's requested relief, the Court construes his pleading as a motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582. Plaintiff suggests that forcing him to remain in prison during the COVID-19 pandemic violates his Eighth Amendment rights. Compl. 3, 5. However, Plaintiff does not seek damages, the usual remedy in a civil rights complaint. Instead, he requests a modification of his

sentence and a placement in home confinement. Pl.'s Compl. 5, ECF No. 1. Thus, liberally construed, Plaintiff's complaint constitutes a motion to modify an imposed term of imprisonment.

Because Plaintiff was sentenced in the Midland / Odessa Division, the Court lacks jurisdiction to entertain his § 3582(c) motion. Accordingly, the Court concludes it must dismiss Plaintiff's pleading without prejudice to him re-filing it in appropriate sentencing court.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's "Complaint and Request for Injunction" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to him seeking relief in the sentencing court.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **15th day** of **July, 2020**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**